## HALL & BROWN WOODWORKING MACHINE COMPANY v. BARNES *et al.*

1. Even if bail can be required in an action of trover in which the defendant is a corporation, there is no provision of law under which the sheriff is authorized in such a proceeding to commit to jail the officers of the defendant corporation when such officers are not parties to the action.
2. In such a case the sheriff can not be held liable by the plaintiff for a failure to arrest the officers, or for a failure to take a bond or recognizance from the defendant for the property, when the defendant declined to give one.
3. Where in such a proceeding the sheriff seizes all of the property which can be found, he is not liable to the plaintiff for his failure to seize the remainder.
4. Where suit is brought on a sheriff's bond for damages alleged to have been sustained by the failure of the sheriff to properly perform his duties, the plaintiff can not recover on account of breaches of duty not alleged, but is restricted to such breaches as are set out and relied upon in the declaration.

Submitted May 1,—Decided July 19, 1902.

Action on bond. Before Judge Reid. City court of Atlanta. November 12, 1901.

*Walter R. Brown* and *Thomas L. Bishop*, for plaintiff.
*King & Spalding*, for defendant.

SIMMONS, C. J. The Hall & Brown Woodworking Machine Company brought an action against the Wilson Coal & Lumber Company to recover certain personal property. The plaintiff also sued out a bail process against the defendant. In the affidavit to obtain bail, plaintiff described certain machinery which it claimed was in the hands of the defendant. The process was placed in the hands of the sheriff, who seized one of the articles mentioned in the affidavit, and stated in his return that none of the other articles could be found in the county, and that the defendant could not be arrested, because it was an intangible and invisible legal person. The plaintiff recovered a money judgment against the defendant. There-

after the plaintiff brought its action on the bond of the sheriff, against him and his sureties, and alleged, as breaches thereof, (1) that the sheriff had failed to require and take from the defendant in the trover suit a recognizance for the forthcoming of the property described in the bail affidavit; (2) that he had failed to seize the property and hold it until a recognizance was given; and (3) that, when the defendant company refused to give a recognizance, the sheriff had failed to arrest its president and other officers and commit them to jail until the property was surrendered or recognizance given. In their answer the defendants alleged that the plaintiff had declined to take out bail process against any natural person whatever, or to designate any such person as having custody or control of the property; that it was impossible to arrest the defendant corporation; that the sheriff had no process against any natural person, as officer of the corporation or otherwise; and that there was no legal bail process placed in his hands by the plaintiff. The case coming on for a trial, after the introduction of certain evidence by the plaintiff, which it is unnecessary now to set out, save that the sheriff's return on the bail process showed that he had seized one saw, and that the other property described could not be found, the judge granted a nonsuit. To this the plaintiff excepted.

1. In the consideration of this case we will first take up the third alleged breach of the sheriff's bond, because by its determination the case will be largely controlled. It is unquestionably true that trover will lie against a corporation. Whether bail process can legally issue against a corporation as such we need not decide in this case, as it did in fact issue, and the officer attempted in part its execution, and no objection was made by the defendant. Independently of this question, it is certain that a failure to find the property pointed out in the process does not authorize the sheriff to seize the officers of the corporation and commit them to jail, unless the process is against them individually as well as against the corporation. Nichols *v.* Thomas, 4 Mass. 232. Our code provides that in bail-trover cases the officer, if he fails to find the property and no recognizance is given, shall arrest the person of the defendant and confine him in jail until the property is produced or recognizance given. But in this case the defendant which was alleged to have possession of the property was a corporation; and while a corporation acts through its officers and agents, these

latter are not the corporation, and can not be arrested under bail process against the corporation alone.

2. It follows that the sheriff was not liable on his bond for not arresting the president or other officers of the corporation. Nor could he be held liable for a failure to take a bond or recognizance for the forthcoming of the property, when the defendant had declined to give one. The giving of the bond is a voluntary act on the part of the defendant in the bail process. He may give bond or not as he chooses, and the sheriff has no authority to force him to give bond. The sheriff's authority is limited to seizing the property, or arresting the defendant unless a bond is given. When, in the case now under consideration, the defendant corporation refused to give bond, there was no one whom the sheriff could arrest and imprison, and therefore he can not be held liable for a failure to do an act which it was illegal for him to do.

3. The return of the sheriff was not traversed or contradicted, and must be taken as true. It showed that he seized one saw, and that the other articles mentioned in the bail affidavit could not be found. ' If he could not find the property, he certainly could not be held to have committed a breach of his bond by his failure to seize it.

4. It was argued here that the sheriff's return showed he had seized one Eureka scroll saw, and that the nonsuit was erroneous, because he was liable at least to account to the plaintiff for the value or proceeds of that saw. After a careful reading of the declaration we find that there was no allegation of any breach of the sheriff's bond in this particular. The only breaches alleged are those above set out, and the plaintiff can not recover on account of any other. In a suit upon a sheriff's bond the plaintiff must be restricted to the breaches set out, and can not recover on account of breaches, however clearly shown by the evidence, which are not alleged and relied upon in the declaration.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*